Opinion issued November 3, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01152-CR




 WANDA GOODWIN MCDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 985456




MEMORANDUM OPINION
          A jury found appellant, Wanda Goodwin McDonald, guilty of murder and
assessed her punishment at confinement for 60 years. Appellant contends that the
evidence is factually insufficient to support her conviction of murder. We affirm.
BACKGROUND
          After appellant, a tenant of complainant Rafael German, fell thousands of
dollars in arrears for rent owed to German, she invited him over to her house to
discuss a mutually agreeable method of repayment. The situation at that point had
grown tense between German and appellant because German had begun forcible
eviction proceedings against appellant, and she had retaliated by calling the Harris
County Public Health and Environmental Services department to report problems
with mosquitoes in the back yard of the rental property. It is undisputed that (1)
German arrived at appellant’s house in response to her request to discuss the rent
owed; (2) they talked shortly in appellant’s kitchen, and (3) appellant fired four shots
from a .38 caliber revolver, of which three struck German, killing him. 
          At trial, appellant testified that German—angry about the thousands of dollars
owed him and her complaint to the public health officials—suddenly jumped out of
his chair during the discussion in the kitchen and said “You bitch. You turned me in
to the environmental people.” At this point, according to appellant, German began
advancing toward her while she leveled the revolver at him and told him to leave.
However, German just responded, “You bitch. I’m going to kill you.” Appellant
testified that she fired the gun twice, with one shot striking German in the chest; the
two began to struggle; and appellant managed to shoot German twice more at close
range. 
          The State’s forensic, physical, and testimonial evidence contradicted
appellant’s testimony. That evidence showed that appellant shot at German twice
while he sat at the kitchen table, one of which struck German in the chest. German
then walked away from the table, regurgitated a large amount of blood on the kitchen
floor, and fell over in the adjoining hallway. The State’s evidence showed that
appellant then shot German two more times as he lay prone on the floor.
          The evidence further showed that (1) appellant could not have shot German at
close range as she claimed because the State’s firearms expert could find no gun-powder on his shirt;


 (2) the kitchen showed no signs of a struggle; and (3) appellant
had no injuries from the struggle that she testified to. Finally, the State called four
character witnesses who testified that German was a peaceful and law-abiding person. 
No weapon other than appellant’s .38 caliber revolver was found at the scene. 
 
 
 
STANDARD OF REVIEW
          In her sole point of error, appellant contends that the evidence is factually
insufficient to support her conviction. In Zuniga v. State, the Court revised the
standard for factual sufficiency challenges,


 and held that:
There is only one question to be answered in a factual-sufficiency 
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all the evidence under this balancing
scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so the
guilty verdict should not stand. This standard acknowledges that
evidence of guilt can “preponderate” in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable
doubt. Stated another way, evidence supporting guilt can “outweigh”
the contrary proof and still be factually insufficient under a
beyond-a-reasonable-doubt standard.

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (emphasis added).
In Escamilla v. State, the Court of Criminal Appeals, reaffirmed that Zuniga lays out
the correct standard of review for factual sufficiency challenges, stating, “[I]n a
factual sufficiency review, we view all of the evidence in a neutral light, and we will
set the verdict aside only if the evidence is so weak that the verdict is clearly wrong
and manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” 143 S.W.3d 814, 817 (Tex.
Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d at 484-85). When a jury finds
the defendant guilty, there is an implicit finding against the defensive theory
presented at trial. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). 
DISCUSSION
          On appeal, appellant claims that her testimonial evidence was enough to create
reasonable doubt in a rational juror, thereby rendering the evidence factually
insufficient. “A person is justified in using force against another when and to the
degree he reasonably believes the force is immediately necessary to protect himself
against the other's use or attempted use of unlawful force.” Tex. Pen. Code Ann. 
§ 9.32(a) Vernon 2004). The Texas Penal Code further states that a person is justified
in using deadly force against another:
          (1) if he would be justified in using force against the other under Section 9.31;
          (2) if a reasonable person in the actor’situation would not have retreated; and
(3) when and to the degree he reasonably believes the deadly force is
immediately necessary:
(A) to protect himself against the other’s use or attempted use of
unlawful deadly force; or
(B) to prevent the other’s imminent commission of aggravated
kidnapping, murder, sexual assault, aggravated sexual assault, robbery,
or aggravated robbery.

Id. § 9.32(a). 
          Appellant’s sole evidence in support of her self-defense theory is her own
testimony. Appellant contends that the new factual sufficiency standard elucidated
in Zuniga means that, while the State marshaled a substantial amount of evidence that
“preponderates” in favor of guilt, “a neutral review of the evidence, viewed from the
standpoint of Appellant at the time . . . [is] too weak to support the finding of guilt
beyond a reasonable doubt.” This is not what the Zuniga standard says. We ask only
whether, “[c]onsidering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?” Zuniga, 144 S.W.3d at 484-485. 
          We answer in the affirmative. The State introduced—in contrast to appellant’s
version of events—an imposing amount of physical, forensic, and testimonial
evidence that, when viewed in a neutral light, a rational juror could have found guilt
beyond a reasonable doubt. Appellant’s challenge to the jury’s implicit rejection of
her claim of self-defense fails.
 
          Accordingly, we overrule appellant’s sole point of error and affirm the
judgment. 
  
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
Do no publish. Tex. R. App. P. 47.2(b).